UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

JILLIAN COBURN and :    CIVIL ACTION NO:
KATHRYN THIBODEAUX          6:20-CV-00105
    Plaintiffs

VERSUS :    JUDGE
JAMES D. CAIN, Jr.

THOMAS MCVEIGH "MAC" SMITH,
THE SOCIETY OF THE ROMAN
CATHOLIC CHURCH OF THE
DIOCESE OF LAFAYETTE and
THE SOCIETY OF THE ROMAN :    MAGISTRATE JUDGE
CATHOLIC CHURCH OF THE          CAROL B. WHITEHURST
DIOCESE OF LAKE CHARLES
    Defendants

_____

ANSWER ON BEHALF OF
THE SOCIETY OF THE ROMAN CATHOLIC CHURCH OF
THE DIOCESE OF LAKE CHARLES

      Now comes The Society of the Roman Catholic Church of the Diocese of Lake Charles (incorrectly named as The Society of the Roman Catholic Church of the Diocese of Lake Charles, Inc.), hereinafter referred to as "DofLC", which respectfully denies each and every allegation in the Complaint of Jillian Coburn and Kathryn Thibodeaux, hereinafter referred to collectively as "Plaintiffs", except as expressly admitted herein and further objects to the Complaint as follows:

      The DofLC cannot properly plead defenses or prepare an Answer to the Complaint because of the absence of factual allegations regarding when and

1

where the alleged harm occurred; neither is there any factual description of the acts which allegedly caused injury. The DofLC reserves its right to amend or supplement this pleading to the extent required by the course of this litigation.

Subject to the above objections, DofLC further responds as follows:

<u>FIRST DEFENSE</u>

Plaintiffs Complaint does not specify the citizenship of Defendant Smith to support the allegation of diversity. Plaintiffs allege Defendant Smith is a citizen of "either the State of Louisiana or the State of Arkansas" proving Plaintiffs do not know Defendant Smith's actual citizenship. The allegations of the Complaint leave open the possibility of Defendant Smith being a citizen of Texas, which would preclude diversity jurisdiction.

<u>SECOND DEFENSE</u>

The Court lacks jurisdiction over the subject matter of any issues which require the Court to review or make a decision regarding religious practices. The DofLC contends the United States Constitution, including but not limited to the Establishment Clause and Free Exercise Clause of the First Amendment, and Article 1, Section 8 of Louisiana Constitution prohibit civil courts from deciding or interpreting ecclesiastical matters and questions of religious doctrine, practices, prayer and beliefs. To the extent Plaintiffs' claims require the Court to review, interpret or analyze such matters this Court lacks subject

matter jurisdiction, and is constitutionally prohibited from reviewing such claims.

### THIRD DEFENSE

The Complaint fails to state a claim against the DofLC upon which relief may be granted.

### FOURTH DEFENSE

The claims set forth in the Complaint are barred by applicable statutes of limitation, prescription or laches. Plaintiffs fail to allege facts sufficient to establish any exception to the Louisiana law of prescription.

### FIFTH DEFENSE

The claims of Plaintiffs are barred, or should be limited, based on the comparative or contributory negligence of Plaintiffs

### SIXTH DEFENSE

The claims of Plaintiffs are barred, or should be limited, based on Plaintiffs' assumption of the risks involved in the activities they voluntarily entered into with Defendant Smith.

### SEVENTH DEFENSE

The claims against the DofLC have no basis in law or fact. The DofLC had, and has, no duty regarding, or authority over, the decision or actions of any other party to this litigation.

## EIGHTH DEFENSE

Plaintiffs have failed to join indispensable or necessary parties, in whose absence complete and fair relief cannot be accorded.

## NINTH DEFENSE

Plaintiffs are precluded from recovering from the DofLC to the extent the Plaintiffs' enter into any settlement with other persons and thereby extinguish any portion of a debt the DofLC may otherwise owe.

## TENTH DEFENSE

It is impossible for Plaintiffs to prove any alleged damages were caused by an act or omission of the DofLC and imposition of liability against the DofLC in this situation would constitute a deprivation of the property rights of the DofLC without due process of law, in violation of the Louisiana and United States Constitutions.

## ELEVENTH DEFENSE

The DofLC pleads the fault of others, including but not limited to the Plaintiffs themselves and Defendant Smith, over whom the DofLC has and had no control or responsibility. It is affirmatively pled any alleged damages to Plaintiffs, the existence of which are expressly denied, were caused in whole or in part by the fault or liability of persons over whom, and outside influences over which, the DofLC has and had no duty or control and, as such, said fault

or liability of third parties serve to bar, or in the alternative to diminish, the recovery of Plaintiffs against the DofLC.

## TWELFTH DEFENSE

Plaintiffs' claims are barred by the First and Fourteenth Amendments to the United States Constitution, Article 1, Section 8 of the Constitution of Louisiana, and the Religious Freedom Restoration Act, 42 U.S.C. 2000bb-1 et seq. Plaintiffs' claims constitute an impermissible attempt by Plaintiffs to have the Court characterize and evaluate religious doctrine or religious practices of the parties, to which the DofLC may not be compelled to respond, and on which the Court may not comment or decide.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred by the doctrines of *res judicata*, accord and satisfaction, set-off and/or confusion.

## FOURTEENTH DEFENSE

To the extent Plaintiffs have received payment of medical expenses under any policy of health, accident, medical or hospitalization insurance, Medicare or Medicaid benefits the DofLC is entitled to a set-off or reduction of the alleged damages to the extent of such payments.

## FIFTEENTH DEFENSE

The DofLC is entitled to the benefit of all defenses and presumptions contained in, or arising from any rule of law or statute governing this action,

and will rely on such other affirmative defenses as they may become available or apparent during the course of discovery, and further reserves the right to amend this answer to assert any such additional defenses.

SIXTEENTH DEFENSE

Plaintiffs have failed to mitigate the damages allegedly sustained.

SEVENTEENTH DEFENSE

To the extent Plaintiffs alleged damages were caused by any intervening or superseding causes, including but not limited to the alleged intentional conduct of Defendant Smith, the DofLC cannot be held responsible.

EIGHTEENTH DEFENSE

The DofLC adopts by reference, as if copied herein *in extenso*, any and all defenses asserted by any other defendant. The DofLC also reserves the right to assert any and all applicable defenses which may be revealed through the discovery process.

NOW responding to the allegations of Plaintiffs' Complaint, the DofLC states:

1.

The allegations of Paragraph 1 are denied for lack of sufficient information and knowledge to justify a belief therein.

2.

The allegations of Paragraph 2 are denied for lack of sufficient information and knowledge to justify a belief therein.

3.

The DofLC contends the allegations of Paragraph 3 do not require a response; however, to the extent a response is required, the allegations of Paragraph 3 are denied for lack of sufficient information and knowledge to justify a belief therein.

4.

The DofLC contends the allegations of Paragraph 4 do not require a response; however, to the extent a response is required, the allegations of Paragraph 4 are admitted.

5.

The allegations of Paragraph 5 are denied except to admit the DofLC is a religious, non-profit organization having its principal address as stated.

6.

The allegations of Paragraph 6 are denied for lack of sufficient information and knowledge to justify a belief therein. Further, subject matter jurisdiction is denied with regard to any issues which require the Court to review or make a decision regarding religion, ecclesiastical issues, religious policies, practices, prayers, or beliefs.

7.

The allegations of Paragraph 7 are denied. Plaintiffs' Complaint fails to allege facts sufficient to identify where alleged events occurred to support a determination of proper venue.

8.

The allegations of Paragraph 8 are denied.

9.

The allegations of Paragraph 9 regarding the DofLC are denied. The remaining allegations of Paragraph 9 are denied for lack of sufficient information and knowledge to justify a belief therein.

10.

The allegations of Paragraph 10 are denied.

11.

The allegations of Paragraph 11 are denied for lack of sufficient information and knowledge to justify a belief therein except to specifically deny the DofLC provided or was involved in any publicity, endorsements, credentialing, licensing or promotion of Defendant Smith.

12.

The allegations of Paragraph 12 are denied for lack of sufficient information and knowledge to justify a belief therein.

13.

The DofLC contends the allegations of Paragraph 13 do not require a response; however, to the extent a response is required, the allegations of Paragraph 13 are denied.

14.

The DofLC contends the allegations of Paragraph 14 do not require a response; however, to the extent a response is required, the allegations of Paragraph 14 are denied.

15.

The DofLC contends the allegations of Paragraph 15 do not require a response; however, to the extent a response is required, the allegations of Paragraph 15 are denied.

16.

The allegations of Paragraph 16 are denied.

17.

The DofLC contends the allegations of Paragraph 17 do not require a response; however, to the extent a response is required, the allegations of Paragraph 17 are denied.

18.

The allegations of Paragraph 18 are denied.

19.

The allegations of Paragraph 19 are denied.

20.

The allegations of Paragraph 20 are denied.

21.

The allegations of Paragraph 21 are denied.

22.

The DofLC contends the allegations of Paragraph 22 do not require a response; however, to the extent a response is required, the allegations of Paragraph 22 are denied.

FURTHER ANSWERING the DofLC states:

A.

The DofLC did not cause or contribute to any damages allegedly sustained by Plaintiffs.

B.

Plaintiffs, competent adults, voluntarily participated in physical touching with Defendant Smith in the context of prayer. Plaintiffs gave their consent to having Defendant Smith touch them on multiple occasions, often traveling significant time and distance to meet Defendant Smith in private. Plaintiffs caused or contributed to their own alleged damages, the existence which are at all times denied.

C.

To the extent the fault of other parties, or non-parties to this suit, caused or contributed to the Plaintiffs' alleged damages the DofLC pleads such fault as a legal basis for preventing or reducing the DofLC's liability to Plaintiffs.

D.

Plaintiffs' alleged damages are the result of the Plaintiffs' assumption of known or apparent risk.

E.

Plaintiffs' alleged damages are the result of the contributory negligence of Plaintiffs.

F.

Plaintiffs' alleged damages are the result of unavoidable acts for which the DoLC cannot be held responsible.

G.

Plaintiffs' alleged damages are the result of intervening or superseding causes, including the alleged intentional conduct and acts of Defendant Smith, for which the DofLC cannot be held responsible.

H.

Plaintiffs failed to take reasonable steps to mitigate their alleged damages.

I.

Insofar as Plaintiffs allege to have sustained damages caused by the fault of an alleged employee, representative or agent of the DofLC, any injurious act or omissions by any such person was unauthorized, ultra vires, outside the course and scope of any relationship with the DofLC and contrary to the rules and instructions of the DofLC and the DofLC is not liable to Plaintiffs under the doctrine of respondeat superior or vicarious liability.

J.

The DofLC acted reasonably and prudently under the circumstances and complied with all applicable state and federal laws and regulations.

K.

The DofLC did not have any employment or other legal relationship with Defendant Smith.

L.

Defendant Smith did not work for or on behalf of the DofLC.

M.

The DofLC did not have control over or responsibility for intentional acts or omissions of Defendant Smith.

WHEREFORE, the DofLC prays this Answer be deemed good and sufficient and after all legal delays and due proceedings had, there be a Judgment herein in favor of The Society of the Roman Catholic Church of the

Diocese of Lake Charles and against Plaintiffs, with Plaintiffs' claims being dismissed with prejudice, at Plaintiffs' cost, together with all other general and equitable relief as the justice of this cause may require and the law provide.

SIGNED:

/s/ L. PAUL FOREMAN
L. PAUL FOREMAN, BAR #01366
RAGGIO, CAPPEL, CHOZEN & BERNIARD
522 ALAMO STREET
P. O. BOX 3142
LAKE CHARLES, LA 70602
337/436-9481 FAX: 337/436-9499

<u>CERTIFICATE OF SERVICE</u>

I hereby certify a copy of the foregoing was electronically filed with the Clerk of Court, using the CM/ECF system, which will send notice of electronic filing to all parties who have consented to electronic notification. Lake Charles, Louisiana, this 19th day of March, 2020.

/s/ L. PAUL FOREMAN