UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JILLIAN COBURN, ET AL. | CIVIL ACTION NO. 20-0105 |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| SOCIETY OF THE ROMAN CATHOLIC CHURCH OF THE DIOCESE OF LAFAYETTE | MAGISTRATE JUDGE WHITEHURST |

**MEMORANDUM RULING**

Pending before the undersigned is the Plaintiffs' Motion to Vacate Confidentiality Order [Doc. 30], filed by plaintiffs Jillian Coburn and Kathryn Thibodeaux. The motion is opposed by the Society of the Roman Catholic Church of the Diocese of Lafayette (the "Diocese") [Doc. 32], and plaintiffs filed a reply brief [Doc. 35]. For the following reasons, the motion is DENIED.

In their motion, the plaintiffs seek to vacate the Confidentiality Order entered into between the plaintiffs and the Diocese on October 20, 2020 [Doc. 17]. That Order protects documents that were provided by the Diocese to the plaintiffs in response to discovery requests and specifically seeks to protect the privacy of certain unrelated third parties whose information would be found in the discovery materials. The plaintiffs acknowledge that they agreed to the Order, but argue now that, having seen the documents, they believe there is no confidential information contained

therein that needs protection. The Diocese argues that the plaintiffs have identified no valid reason to vacate the Order. The undersigned agrees.

A district court retains discretion to modify or vacate a protective order once it has been entered. *Dean v. Texas Tech Univ. Health Scis. Ctr.*, 2017 WL 9901155, at *7 (N.D. Tex. Sept. 25, 2017). See also *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990) (citation omitted); *In re United States' Motion to Modify Sealing Orders*, No. 5:03-mc-2, 2004 WL 5584146, at *2 (E.D. Tex. June 8, 2004). Courts have looked to four factors to guide consideration of whether a modification is appropriate, including: "(1) the nature of the protective order; (2) the foreseeability, at the time of issuance of the order, of the modification requested; (3) the reliance on the order; and (4) whether good cause exists for the modification." *Dean*, 2017 WL 9901155 at *7, *citing Murata Mfg. Co., Ltd. v. Bel Fuse, Inc.*, 234 F.R.D. 175, 179 (N.D. Ill. 2006) (citation omitted); *accord In re Enron Corp. Secs., Derivative & ERISA Litig.*, 2009 WL 3247432, at *3 (S.D. Tex. Sep. 29, 2009).

Under well-established jurisprudence, an agreed protective order may be viewed as a contract, and once parties enter an agreed protective order they are bound to its terms, absent good cause to modify or vacate the protective order. *Dean*, 2017 WL 9901155 at *7, *citing Orthoflex, Inc. v. ThermoTek, Inc.*, 2013 WL 3095106, at *3 (N.D. Tex. June 20, 2013) (quoting *Paine v. City of Chicago*, No. 06 C 3173,

2006 WL 3065515, at *2 (N.D. Ill. Oct. 26, 2006)). "As with all contracts, the ultimate question is what was the parties' mutual intent. The answer to that question is to be found within [the protective order's] four corners, and not by reference to what might satisfy the purposes of one of the parties to it." *Id.*

Courts have held that "a party seeking to modify an agreed protective order bears the burden of demonstrating good cause exists to modify the order." *United States ex rel. Long v. GSD&M Idea City LLC*, 2014 WL 12648520, at *2 (N.D. Tex. Jan. 3, 2014) (citing *Orthoflex*, 2013 WL 3095106, at *3). On the other hand, courts have also held that, "[i]f good cause was not shown for the original protective order, the burden of showing good cause is on the party seeking continued confidentiality protection." *Diamond Consortium, Inc. v. Manookian*, No. 4:16-cv-94, 2017 WL 2364040, at *1 (E.D. Tex. May 31, 2017) (citing *United States v. Homeward Residential, Inc.*, No. 4:12-cv-461, 2016 WL 279543, at *4 (E.D. Tex. Jan. 22, 2016); *In re Enron Corp. Sec., Derivative, & ERISA Litig.*, 2009 WL 3247432, at *2 (S.D. Tex. Sept. 29, 2009).

Here, the plaintiffs have presented no legitimate reason or good cause to invalidate the Confidentiality Order. The plaintiffs agreed to the Order and cannot now argue that they only did so in an effort to "get the discovery ball rolling." Furthermore, the defendants reasonably relied on the Order in producing documents in discovery. Finally, the undersigned notes that the express terms of the Order itself

provide the plaintiffs with a remedy to challenge the confidentiality of specific documents in accordance with the procedure outlined in the Order.

Considering the foregoing, the undersigned concludes that the plaintiffs have not presented good cause for invalidating the Confidentiality Order signed by the parties on October 20, 2020. The Motion to Vacate the Confidentiality Order is, therefore, DENIED.

THUS DONE AND SIGNED at Lafayette, Louisiana on September 1, 2021.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE